IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CT-03236-M

ANTHONY L. HARRIS,   )
                     )
        Plaintiff,   )
                     )
   v.                )          **ORDER**
                     )
PASQUOTANK CORRECTIONAL )
INSTITUTION, et al., )
                     )
        Defendants.  )

This cause is before the court on plaintiff's discovery-related motions [D.E. 66, 72, 83], together with his motions to amend the complaint [D.E. 67, 68], to withdraw his motion to compel discovery [D.E. 84], for an extension of time [D.E. 91], to exceed page limits [D.E. 94], and for entry of default [D.E. 98], as well as defendants' motions for a protective order [D.E. 87], and for a stay of the deadline to respond to plaintiff's motion for summary judgment [D.E. 96].

First, the court considers plaintiff's motions seeking reproduction of discovery purportedly destroyed by Granville C.I. staff. [D.E. 66, 72]. Defendants oppose the motion, noting the requested discovery was re-sent to plaintiff on June 9, 2023. [D.E. 77, 80]. Although he also moves to compel such reproduction, Mot. [D.E. 83], plaintiff subsequently moved to withdraw this motion to compel due to his intervening receipt of the requested discovery on June 15, 2023, Mot. [D.E. 84]. Because plaintiff now has the discovery he sought, the court GRANTS the motion to withdraw [D.E. 84], and DENIES AS MOOT the discovery-related motions [D.E. 66, 72, 83].

Next, the court turns to plaintiff's motions to amend. See Mot. [D.E. 67] (seeking to substitute as a defendant Bridget Maledda, previously identified as John Doe # 2 and later mis-identified as Melissa Briget); Mot. [D.E. 68] (seeking to identify defendant John Doe #1 as Taiquan

M. Johnson). Defendants oppose these motions. See [D.E. 78, 79] (arguing, *inter alia*, plaintiff failed to attach amended pleadings as required by the Local Civil Rules and he indicates an intent to reopen discovery). In reply, plaintiff notes: his original complaint was destroyed by Granville C.I. staff; he identified these defendants through discovery; and he "has no additional questions or discovery for the defendants . . . other then [sic] what is already summited [sic]." [D.E. 85].

Although plaintiff requires leave to amend, see Fed. R. Civ. P. 15(a)(2), a court should freely grant leave to amend a complaint unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quotation omitted).

As to the motion to amend seeking to substitute as a defendant Bridget Maledda for Melissa Briget, [D.E. 67], because the court discerns no prejudice to an opposing party or bad faith on the part of plaintiff, and because the proposed amendment is not futile, the court GRANTS the motion, conducts its initial review under 28 U.S.C. § 1915A(a), and allows the action to proceed against Maledda for the reasons noted in the court's prior orders, see Order [D.E. 10]; Order [D.E. 40].

As to the motion to amend regarding Taiquan M. Johnson, plaintiff's prior motion to amend instead identified John Doe #1 as Dante Jackson. Compare Mot. [D.E. 35], with Mot. [D.E. 68]. The court granted the earlier motion to amend and allowed the action to proceed against Jackson. Order [D.E. 40]. Plaintiff neither explains these disparate identifications of John Doe # 1 nor disclaims his prior identification of Jackson. Thus, plaintiff fails to state a claim against Taiquan M. Johnson and the court DENIES AS FUTILE this motion [D.E. 68]. See In re Triangle Cap. Corp. Sec. Litig., 988 F.3d 743, 750 (4th Cir. 2021) (noting "district courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny." (citation omitted)); Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011); Laber, 438 F.3d at 426.

Next, because the court previously stayed the motions deadline, see Order [D.E. 82], the court DENIES AS MOOT plaintiff's motion seeking an extension of time to file dispositive motions [D.E. 91].

Next, the court summarily GRANTS plaintiff's motion seeking the court's allowance to exceed page limits in his memorandum in support of his motion for summary judgment [D.E. 94].

Next, the court turns to defendants' motion for a protective order. Mot. [D.E. 87]. In support, defendants argue, *inter alia*, that plaintiff's interrogatories docketed June 8, 2023, are untimely because the discovery period closed on March 8, 2023. Defs.' Mem. [D.E. 88].

The court agrees that these interrogatories are untimely, and further finds that plaintiff fails to show good cause for why these interrogatories were not filed within the discovery period. Accordingly, the court GRANTS defendants' motion for a protective order [D.E. 87], and defendants need not answer these interrogatories.

Next, for good cause shown, the court GRANTS defendants' motion to stay the deadline to respond to plaintiff's motion for summary judgment [D.E. 96]. Accordingly, the court also DENIES plaintiff's motion for entry of default [D.E. 98].

In sum, the court: DENIES AS MOOT the discovery-related motions [D.E. 66, 72, 83], GRANTS plaintiff's motion to amend seeking to substitute as a defendant Bridget Maledda for Melissa Briget [D.E. 67]; DENIES AS FUTILE the motion to amend as to Taiquan M. Johnson [D.E. 68]; GRANTS plaintiff's motion to withdraw his motion to compel discovery [D.E. 84]; DENIES AS MOOT plaintiff's motion for an extension of time [D.E. 91]; GRANTS plaintiff's motion for leave to exceed page limits [D.E. 94]; GRANTS defendants' motion for a protective order [D.E. 87]; GRANTS defendants' motion to stay the deadline to respond to plaintiff's motion for summary judgment [D.E. 96]; and DENIES plaintiff's motion for entry of default [D.E. 98].

3

The court further: DIRECTS the clerk to substitute as a defendant Bridget Maledda for Melissa Briget; and DIRECTS defendants' attorney, Bettina J. Roberts, within 14 days from the date of this order, to either notify the court that she will waive service as to Maledda or provide under seal this defendant's address for service.

Thereafter, the court will refer the action for a new scheduling order to include an answer deadline and brief period of discovery as to Maledda, and for new deadlines for filing of dispositive motions and for defendants to respond to plaintiff's pending motion for summary judgment.

SO ORDERED this 18th day of October, 2023.

*Richard E Myers II*

RICHARD E. MYERS II
Chief United States District Judge