IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CT-03236-M

| | |
|---|---|
| ANTHONY L. HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| PASQUOTANK CORRECTIONAL ) | |
| INSTITUTION, et al., ) | |
| ) | |
| Defendants. ) | |

On August 10, 2021, Anthony L. Harris ("plaintiff"), a state inmate, filed *pro se* a complaint under 42 U.S.C. § 1983. See Compl. [D.E. 1] (generally alleging defendants violated his Eighth Amendment rights at Pasquotank C.I. on March 17, 2021).

The court dismissed as defendants Pasquotank C.I. and Nurse Scott, but allowed plaintiff's excessive force and deliberate indifference claims to proceed against the remaining defendants. See Order [D.E. 10]; Order [D.E. 21]; Order [D.E. 40]; Order [D.E. 99]; Order [D.E. 104].

This cause is before the court on plaintiff's motion for summary judgment. Mot. [D.E. 93]. The remaining defendants oppose the motion. Defs.' Resp. [D.E. 122].

The court has considered plaintiff's motion for summary judgment under the governing standard. Fed. R. Civ. P. 56(a); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). Although plaintiff argues that he is entitled to summary judgment, he also contends there are issues of material fact. See Pl.'s Mot. [D.E. 93] at 1; Pl.'s Mem. [D.E. 94] at 1. The remaining defendants agree that there are genuine issues of material fact. See Defs' Resp. [D.E. 122] at 3–4.

After reviewing the record and the reasonable inferences in the light most favorable to the remaining defendants, see Scott v. Harris, 550 U.S. 372, 378 (2007), the court finds that, because

there are issues of material fact, see Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), especially as to defendants' subjective state of mind, see, e.g., Wilkins v. Gaddy, 559 U.S. 34, 37 (2010); Farmer v. Brennan, 511 U.S. 825, 835 (1994); Hudson v. McMillian, 503 U.S. 1, 8 (1992); Estelle v. Gamble, 429 U.S. 97, 104 (1976); Brooks v. Johnson, 924 F.3d 104, 112 (4th Cir. 2019); Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014); Iko v. Shreve, 535 F.3d 225, 239 (4th Cir. 2008); Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999); Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993), plaintiff is not entitled to judgment as a matter of law, see Anderson, 477 U.S. at 249.

Accordingly, the court DENIES plaintiff's motion for summary judgment [D.E. 93]. The court also REFERS the case to United States Magistrate Judge Robert B. Jones, Jr. for a court-hosted settlement conference. Judge Jones will notify the parties how he wishes to proceed concerning the settlement conference, including any appointment of counsel, and the date on which it will be held. Additionally, the court stays the case by administrative closure until further notice.

SO ORDERED this 24th day of April, 2024.

RICHARD E. MYERS II
Chief United States District Judge